**Sandra NISHIMOTO, Claudette Kaahanui, Andra Primacio, Jean Kamakawiwoole, Anna Lackland, Jo-Ann Vasconcellos, Judie Davidson, Kim Lien Nguy, and Pamela Perrin, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Franklin SUNN, Director of the Department of Social Services and Housing, State of Hawaii, Defendants.**

**Civ. No. 82–0359.**

United States District Court, D. Hawaii.

Jan. 6, 1983.

Brenton Rogozen, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

Tany S. Hong, Atty. Gen., Robert K. Richardson, Asst. Atty. Gen., Honolulu, Hawaii, for defendants.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

The matter came on for hearing on December 21, 1982, on Plaintiffs' Motion, filed September 23, 1982 pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. Brenton Rogozen from the Legal Aid Society of Hawaii appeared on behalf of Plaintiffs and Robert K. Richardson, Deputy Attorney General appeared on behalf of Defendant FRANKLIN SUNN.

AND THE COURT, having studied the various memoranda, affidavits and exhibits submitted by counsel prior to the aforesaid hearing, having heard the arguments of counsel made at the aforesaid hearing, and having studied the authorities cited by counsel and otherwise being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Section 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7), as the federal statute establishing the Aid to Families with Dependent Children program (hereinafter "AFDC" program) provides that the administering state agency shall, "in determining need, take into consideration any ... income and resources [other than AFDC itself] of any child or relative claiming [AFDC] benefits." Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, § 2302, 95 Stat. 844 (1981) (codified at 42 U.S.C. § 602(a)(7) (1976 and Suppl.1982)) [hereinafter cited as "OBRA"].

2. The federal statutory provisions that govern the AFDC program do not define the word "income" as used in Section 402(a)(7)(A) of 42 U.S.C. § 602(a)(7).

3. The federal agency responsible for implementing the AFDC program has, since 1939, directed states to consider only such income which is actually and currently available to an applicant or recipient. Social Security Amendments Act of 1939, Pub.L. No. 76–379, § 401(b), 53 Stat. 1360, 1379–80 (1939) (codified at 42 U.S.C. § 602(a)(7) (1976 and Suppl.1982)).

4. Currently, 45 C.F.R. § 233.-20(a)(3)(ii)(D) provides that in determining need and the amount of the assistance payment, only *net* income available for current use and currently available resources can be considered. *See* 45 C.F.R. § 233.-20(a)(3)(ii)(D), *as amended by* 47 Fed.Reg. 5648, 5674–76 (1982).

5. 45 C.F.R. § 233.20(a)(3)(ii) provides that *net* income is to be considered after the disregards, reserves, and allowances provided for in other federal regulations have been applied. These disregards and allowances include the work-expense deduction, child-care allowance, and earned exemption of $30.00 plus one-third of the remaining earned income.

6. In determining the amount of the earned income disregard provided for under 45 C.F.R. § 233.20(a)(11), states are required under 45 C.F.R. § 233.20(a)(6) to define "earned income" as gross income, including mandatory payroll deductions.

7. However, in determining need and the amount of the assistance grant, the federal regulations do not permit states to base benefit levels on "earned income", but as explained above, on "net income".

8. The Court finds no conflict between the requirement that states use "earned income" in determining disregards and "net income" in determining need and payment levels.

9. Prior to October 1, 1981, AFDC applicants and recipients were entitled to work expenses for any amounts reasonably attributable to the earning of income in addition to mandatory payroll deductions.

10. In 1981, OBRA, Pub.L. No. 97–35, § 2302, 95 Stat. 357, 844–45 (1981), was enacted into law. OBRA made significant amendments in the federal statutory provisions governing the AFDC program, including those provisions that determine the amount of an AFDC-eligible family's monthly grant. *See* 95 Stat. 843–60 (codified at 42 U.S.C. § 602(a)(8)(A)(ii)–(iii) (1976 and Suppl.1982)). OBRA now limit work-expenses to a standard $75.00 for full-time employees; to permit a maximum of $160.00 per month for child-care costs; and to limit the earned income exemption of the first $30.00 plus one-third of the remaining earned income to only four months.

11. On the basis of the legislative history respecting OBRA, the Court concludes that Congress intended the word "income", as used in Section 402(a)(7) of the Social Security Act, to mean "available" income, and did not contemplate that Section 402(a)(7) income would be deemed to include mandatory payroll deductions.

12. There is no indication in the legislative history that Congress intended that mandatory payroll deductions should be subtracted from an individual's Section 402(a)(7) income pursuant to the "work expense" deduction.

13. Moreover, since mandatory payroll deductions have previously been non-income items inasmuch as they are never actually

received by a recipient, it is illogical to consider them as part of an income deduction.

14. The issue here is whether the inclusion of mandatory payroll-deductions as part of the standard $75.00 work-expense deduction by Defendant FRANKLIN SUNN (implementing new state regulation Admin.Rules § 17–626–13) is in violation of federal law.

Accordingly, the Court makes the following conclusions of law:

1. Federal regulations implementing Section 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7) only permits a state to consider an AFDC applicant or recipient's net income.

2. In computing net income, the state may only include amounts actually and currently available, as set forth in 45 C.F.R. § 233.20(a)(3)(ii)(D).

3. To include mandatory payroll deductions as part of the $75.00 work-expense deduction would be in violation of 45 C.F.R. § 233.20(a)(3)(ii)(D).

NOW, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment is GRANTED, and that, effective January 1, 1983, Defendant SUNN shall not include mandatory payroll deductions such as federal, State, Social Security taxes (F.I.C.A.), and temporary disability insurance (TDI) within the definition of "income" in interpreting and determining "need" as used in Section 602(a)(7) of Title 42 of the United States Code.

IT IS HEREBY FURTHER ORDERED that this decision is automatically stayed until the Court's ruling on Defendant FRANKLIN SUNN's Motion to Dismiss or in the Alternative for Summary Judgment, presently set for argument on February 18, 1983.